UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KATHY JILL HERSLEY** | : | Case No. |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | |
| | : | |
| **ABUBAKAR ATIQ DURRANI, M.D., ET AL.** | : | NOTICE OF REMOVAL |
| | : | |
| Defendants. | : | |

Defendant, Abubakar Atiq Durrani, M.D. (hereinafter "Defendant"), hereby removes to this Court the state court action described below. Defendants Center for Advanced Spine Technologies, Inc. and Christ Hospital, (hereinafter "CAST" and "Christ"), consent to removing this case. Removal is warranted under 28 U.S.C. § 1332(d)(11). In support of removal, Defendant states as follows:

## BACKGROUND

Plaintiff commenced this action by filing a complaint in the Court of Common Pleas of Butler County, in the State of Ohio, bearing case number CV 2015 09 2258. ("Complaint") (attached hereto as **Exhibit A**). Plaintiff alleges that Defendant provided negligent medical treatment that resulted in complications and injuries. *Id.*  This case is one of hundreds of nearly identically pled suits against Defendant and other area hospitals located in Hamilton or Butler County. Plaintiff has voluntarily dismissed and re-filed many of these cases. Each of the cases in Hamilton County has been consolidated before Hamilton County Common Pleas Judge Robert Ruehlman.

In preparation for a December 14, 2015 Case Management Conference regarding all of the Hamilton County cases (including those re-filed after being dismissed in Butler County),

1

Plaintiff's counsel submitted to Judge Ruehlman an unsolicited and lengthy "binder" on December 7, 2015 which included, among other things, a number of motions, descriptions of Plaintiff's counsel's positions on various pre-trial issues, and lists of cases currently pending or which were to be filed. *See* Plaintiff's Binder for December 14, 2015 Case Management Conference (hereinafter "Binder", attached hereto as **Exhibit B**). In all, Plaintiff's counsel claimed to represent Plaintiffs in some 520 individual cases as part of this litigation, including 172 already filed in Hamilton County, 258 that Plaintiff's counsel planned to dismiss in Butler County and re-file in Hamilton County, and 40 more Butler County cases that were the subject of a pending motion to transfer to Hamilton County as of December 7. *Id.*, pp. 8, 19-29, 209-23, 226-235. The instant matter, having been previously refiled in Butler County, was subject to the Motion to Transfer/Change of Venue Motion, that was ultimately denied by Judge John Bessey on December 21, 2015. (See **Exhibit E2 and Exhibit G3** attached hereto).[1]

In the Binder, Plaintiff unambiguously requested that Judge Ruehlman set "ALL" of these cases for one single, combined trial or, at a minimum, several smaller group trials. *See, e.g.*, Binder, p. 179-80 (listing "[o]ne scheduled trial for ALL cases [to begin] August 1, 2016" as Plaintiff's top choice in a list of their "Preferences in Order of Preference for Trial Settings"); *id.*, p. 180 (listing "Group Trials with Many Options" as Plaintiff's second choice); *id.*, p. 126 (stating that "[t]he Court has many options [for setting trial dates, including] [s]chedul[ing] one trial. . . . [or] [s]et[ting] trials by groups . . . ."); *id.*, pp. 153-177 (attaching and citing *Suida v. Howard*, Nos. C-000656, C-000687, 2002 WL 946188 (Ohio Ct. App. May 10, 2002) for the

---

[1] Notably, Plaintiff expressed her displeasure with Judge Bessey's decision to deny the transfer of this case to Judge Ruehlman as set forth in **Exhibit E4**, attached hereto. Specifically, Plaintiff refers to Judge Bessey's decision as "vindictive" and failing to do the "right thing" by not granting "a practical Motion to transfer pertaining to common sense." (See Ex. E4 at p. 1-2). Moreover, Plaintiff states on p. 3 of Ex. E4 that "If this Court would transfer these cases, all of them would be tried in Hamilton County with the others."

proposition that "group trials [are] allowed]"). The instant matter, though not filed in Hamilton County, was to be a part of the single case before Judge Ruehlman under Plaintiff's proposal. (See Ex. B).

Although Judge Ruehlman did not grant Plaintiff's request for a single trial, in his December 15, 2015 order, the court scheduled several trials as follows:

> 1) **February 29, 2016**: trial in *Mike & Amber Sand v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506694;
>
> 2) **March 14, 2016**: trial in *Steven Andrew Schultz v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506861;
>
> 3) **May 2, 2016**: trial in 14 cases involving Defendant;
>
> 4) **August 1, 2016**: trial in 24 cases involving "West Chester/UC Health and any hospital named as a Defendant in the C1C2/False Pannus cases";
>
> 5) **January 2, 2017**: a "massive group trial" in "all remaining Dr. Durrani cases," which "could take six months to a year."

General Order on all Dr. Durrani Hamilton County Cases for Case Management Conference December 14, 2015, Hamilton County Common Pleas Case No. A1506577 ("General Order") (attached hereto as **Exhibit C**), pp. 11-15.

By proposing a joint trial of the claims of over 100 plaintiffs, Plaintiff created a "mass action," as defined in 28 U.S.C. § 1332(d)(11), making this case (and the hundreds of others covered by the proposal) removable.

## THIS CASE IS REMOVABLE AS PART OF A MASS ACTION

This case is removable as part of a mass action, pursuant to the mass action provisions of the diversity jurisdiction statute, 28 U.S.C. § 1332(d)(11). A removable mass action meets the following requirements:

a. It involves the monetary relief claims of 100 or more persons that are proposed to

3

        be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, *see id.* § 1332(d)(11)(B)(i);

   b. The aggregate amount in controversy, through plaintiffs' allegations, exceeds $5,000,000 and the claims of the individual plaintiffs exceed $75,000, *see id.* §§ 1332(a), (d)(2), (d)(11)(B)(i); and

   c. Any plaintiff is a citizen of a State different from any defendant, *see id.* § 1332(d)(2)(A).

These requirements are satisfied in the instant matter.

**A.    The Plaintiff's Binder in the Hamilton County Action Proposed a Joint Trial of the Claims of 100 or More Persons**

      This case is removable as part of a mass action because the Binder submitted to Judge Ruehlman explicitly outlines Plaintiff's proposal for this case be tried jointly with hundreds of other cases, notwithstanding the fact that this case was not, and is not, before Judge Ruehlman. *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, pp. 126, 153-177, 179-80. Plaintiff's counsel based this request on its belief that these cases involve common questions of law or fact. *See* 28 U.S.C. § 1332(d)(11)(B)(i); Binder, p. 179-80 (listing factors that all of the cases proposed to be tried jointly "have in common"); *id.*, p. 186 ("The claims against the hospital Defendants are the same in each case. It's silly to try the same fact issue against the hospital to 500 juries."); *id.*, p. 187 (listing factors "common to all cases"). Accordingly, the first mass action requirement is satisfied.

      This element is met even though this case individually has less than one-hundred (100) Plaintiffs. The Sixth Circuit has not addressed this issue; however, the Seventh, Eighth, and Ninth Circuits have explicitly approved mass action removal of individual actions where each includes fewer than 100 plaintiffs, but the actions are proposed to be tried jointly and, combined, involve at least 100 plaintiffs. *See In re Abbott Labs., Inc.*, 698 F.3d 568, 570-71 (7th Cir. 2012) (removal proper in mass action consisting of ten cases with fewer than 100 plaintiffs each, where, combined, the cases involved several hundred plaintiffs); *Atwell v. Boston Scientific*

*Corp.*, 740 F.3d 1160, 1161-62 (8th Cir. 2013) (removal proper in mass action consisting of three suits, each involving fewer than 100 plaintiffs, even though each case involved fewer than 100 plaintiffs); *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1220 (9th Cir. 2014) (removal proper in mass action consisting of several cases, each of which had fewer than 100 plaintiffs but had "far more than 100 plaintiffs when considered together").

Further, removal is proper over all cases that Plaintiff's counsel proposed be tried jointly, including those that are not part of the "massive group trial" set for January 2, 2017. The relevant inquiry is whether Plaintiff *proposed* a joint trial of the claims of 100 or more plaintiffs, *not* whether the claims of 100 or more plaintiffs are actually adjudicated together in a single trial. As the Seventh Circuit has noted:

> A proposal to hold multiple trials in a single suit (say, 72 plaintiffs at a time, or just one trial with 10 plaintiffs and the use of preclusion to cover everyone else) does not take the suit outside § 1332(d)(11). Recall the language of § 1332(d)(11)(B)(i): any "civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly" is treated as a "class action". . . . *The question is not whether 100 or more plaintiffs answer a roll call in court, but whether the "claims" advanced by 100 or more persons are proposed to be tried jointly*.

*Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (emphasis added); *see also Atwell*, 740 F.3d at 1163 (approving of *Bullard* and noting that "construing the statute to require a single trial of more than 100 claims would render 28 U.S.C. § 1332(d)(11) 'defunct'"); *In re Abbott*, 698 F.3d at 573 ("[I]t does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed.'" (quoting *Bullard*, 535 F.3d at 762)). Thus, the fact that that Judge Ruehlman scheduled two individual trials as well as two group trials for 14 and 24 plaintiffs is irrelevant. Plaintiff's *proposal*, standing alone, satisfies the first requirement of mass action removal as to each and every case included in that proposal.

**B.      The Amount in Controversy Is Satisfied**

Both the individual $75,000 and aggregate $5,000,000 amount in controversy

requirements for mass action removal are satisfied. *See* 28 U.S.C. §§ 1332(a), (d)(2), (d)(11)(B)(i). The face of Plaintiff's Complaint alleges serious and "catastrophic injuries", *see* Ex. A at p. 87, therefore, the amount in controversy exceeds $75,000 for Plaintiff, individually. Moreover, Plaintiff has demanded $1,000,000.00 to settle the case, in each of the cases subject to the proposal outlined above. Where, as here, plaintiffs allege serious bodily injuries, courts have readily found that the amount-in-controversy requirement is satisfied. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001); *see, e.g.*, *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007); *accord Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663, at *2 (E.D. Pa. Apr. 22, 2009). This is especially true where plaintiffs have made a demand for punitive damages as Plaintiff has done in this case. *See* Ex. A at p. 87; *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) ("As a general rule, [amount-in-controversy] analysis must also take into account the ability of [plaintiffs] to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered."). Plaintiff's allegations in this case set forth a claim that exceeds $75,000 and due to the more than five-hundred (500) individuals who proposed to have their claims tried jointly (each of which also exceed the $75,000 threshold amount in controversy), the aggregate amount in controversy exceeds $5,000,000. Accordingly, the amount-in-controversy requirement is satisfied.

**C.    The Diversity Requirement Is Satisfied**

The diversity requirement for mass action removal is also met. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(11)(A). For removal of a mass action, only "minimal diversity" is required, *i.e.*, at least one plaintiff must be diverse from one defendant. *See id.* Defendant resides outside of Ohio for purposes of diversity, and a significant number of the Plaintiffs, including Plaintiff herein, treated by Defendant are residents of other states, such as Kentucky and Indiana; the hospital defendants in other cases are located in Ohio. *See* Sample of Diverse Plaintiffs (attached hereto as **Exhibit D**). Therefore, all the jurisdictional requirements of mass action removal are met.

**ALL REMOVAL PROCEDURES ARE SATISFIED**

Plaintiff submitted to Judge Ruehlman the Binder proposing a joint trial of the claims of more than 100 Plaintiffs on December 7, 2015. Although not before Judge Ruehlman, Plaintiff proposed that the Butler County cases subject to the Motion to Transfer/Change in venue, were to be included in the single joint trial. They e-mailed a copy of the Binder to Defendant and the parties involved in the other 500+ cases proposed to be tried as one on that same date. Accordingly, this removal is timely, since it occurred "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

With respect to mass action jurisdiction, removal is not barred by the Ohio citizenship of any of the other parties Plaintiff sought to include in a single trial in the Binder. *See id.* § 1453(b).

The Complaint is attached as **Exhibit A**. *See id.* § 1446(a). Judge Ruehlman's General Order is attached as **Exhibit C**. *Id.* The remaining process, pleadings, and orders are also attached hereto as **Exhibits E to G.** *Id.*

Written notice of this removal is being provided to all adverse parties and is being filed with the clerk of the Butler County Court of Common Pleas. *See id.* § 1446(d).

Defendant hereby reserves his right to amend this Notice of Removal.

**WHEREFORE**, Defendant respectfully removes this action from the Common Pleas Court of Butler County, in the State of Ohio, to this Court.

/s/ Paul W. McCartney
Paul W. McCartney (0040207)
Bonezzi Switzer Polito & Hupp Co. L.P.A.
312 Walnut Street, Suite 2530
Cincinnati, Ohio 45202
Phone  513-345-5500
Fax     513-345-5510
Email: pmccartney@bsphlaw.com

7

*Counsel for Defendant*
*Abubakar Atiq Durrani, M.D.*

Case: 1:16-cv-00195-MRB Doc #: 1 Filed: 01/06/16 Page: 8 of 9  PAGEID #: 8

## CERTIFICATE OF SERVICE

  I hereby certify that on January 6, 2016, the foregoing was served by electronic mail on the following:

Matthew J. Hammer
The Deters Law Firm
5247 Madison Pike
Independence, KY 41051
Counsel for Plaintiff

Michael F. Lyon
James F. Brockman
David E. Williamson
Lindhorst & Dreidame
312 Walnut Street, Suite 3100
Cincinnati, OH 45202
Counsel for Defendants Abubakar Atiq Durrani, M.D.
and Center for Advanced Spine Technologies, Inc.

Jennifer O. Mitchell
Jessica L. Worth
Jenna G. Moran
Dinsmore & Shohl, LPA
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
Counsel for Defendant The Christ Hospital

               /s/ Paul W. McCartney